### In re ETHYLENE PROPYLENE DIENE MONOMER (EPDM) ANTITRUST LITIGATION

**Reeves Brothers Inc. v. Crompton Corp., D. Connecticut, C.A. No. 3:03–550**

**Richard Immerman v. Crompton Corp., et al., D. New Jersey, C.A. No. 2:03–1311**

**Synaflex Rubber Products Co. v. Crompton Corp., S.D. New York, C.A. No. 1:03–2319**

No. 1542.

Judicial Panel on Multidistrict Litigation.

Aug. 11, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ * and ROBERT L. MILLER, Jr., Judges of the Panel.

* Judge Motz took no part in the disposition of this matter.

**1374**

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation currently consists of three actions pending as follows: one action each in the District of Connecticut, the District of New Jersey, and the Southern District of New York.[1] Plaintiff in the New York action moves the Panel, pursuant to 28 U.S.C. § 1407, for an order centralizing this litigation in the Southern District of New York. No responding party opposes centralization, though there are differences concerning the selection of the transferee district. Plaintiff in a Southern District of New York potential tag-along action also supports centralization in that district. Plaintiff in the New Jersey action favors selection of the District of New Jersey as transferee forum. Plaintiffs in the Connecticut action and in seven Northern District of California potential tag-along actions join with defendants Crompton Corp., The Dow Chemical Co., E.I. Dupont de Nemours & Co., Dupont Dow Elastomers, LLC, and Uniroyal Chemical Company Inc. in supporting selection of the Northern District of California as transferee district.

 On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the District of Connecticut will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions are purported class actions brought by plaintiffs who allege that defendants have engaged in a conspiracy to fix and maintain the price of ethylene propylene diene monomer, a synthetic poly-mer used to manufacture a type of rubber able to withstand harsh conditions without cracking. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings (especially with respect to class certification matters), and conserve the resources of the parties, their counsel and the judiciary.

 In concluding that the District of Connecticut is an appropriate forum for this docket, we note that i) the district is a geographically convenient location, given the location of principal defendants and potential defendants/witnesses in the eastern part of the United States and in Europe; and ii) the district is equipped with the resources that this complex antitrust docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions pending outside the District of Connecticut are transferred to that district and, with the consent of that court, assigned to the Honorable Peter C. Dorsey for coordinated or consolidated pretrial proceedings with the constituent action pending there.

1. The Panel has been notified of nine additional related actions recently filed in the Northern District of California (eight actions) and the Southern District of New York (one action). In light of the Panel's disposition of this docket, these actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).